UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| WILLIE SUMMEOUR III, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:07-CV-122 |
| | ) | | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | | |
| Commissioner of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This social security appeal is before the Court for consideration of objections by Plaintiff, Willie Summeour, III, ("Plaintiff") [Doc. 15] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley [Doc. 14]. Magistrate Judge Shirley found that the Administrative Law Judge's ("ALJ") decision is supported by substantial evidence in the record as a whole and recommended that Plaintiff's motion for summary judgment [Doc. 10] be denied and that Defendant Commissioner's motion for summary judgment [Doc. 12] be granted.

This Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If,

under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which Plaintiff objects. In considering the Plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, the administrative record, and all related filings. For the reasons that follow, Plaintiff's objections will be overruled.

Plaintiff argues that the ALJ erred in failing to find that Plaintiff does not have an impairment that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1, 1.04 ("Listing 1.04"). Listing 1.04 provides:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or . . .

> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. pt. 404, subpt. P, app. 1, 1.04A, C.

In particular, Plaintiff contends that the ALJ erred in his determination that Plaintiff's lumbar MRI scans failed to identify nerve root or spinal cord impingement. Plaintiff relies on two MRI scans taken on November 13, 2004, and July 7, 2005, respectively. The November 13, 2004, scan found that "[i]mpingement of the left L5 root is possible," while the July 7, 2005, scan found that "findings suggest impingement on the L5 and S1 nerve roots." (Tr. 170, 196). Though the MRI scans indicate the possibility of impingement, the ALJ did not wholly disregard these results as Plaintiff contends. In his decision, the ALJ found that "[n]o *significant* nerve root or spinal cord impingement was identified." (Tr. 32) (emphasis added). The ALJ's impingement finding is buttressed by other evidence of record, including the County Health Department's reference to the July 7, 2005, MRI as "equivocal" and the findings from a September 2, 2006, "multiplanar imaging of the spine without contrast," which is silent on nerve root compression or impingement. (Tr. 212, 228).

Though Plaintiff argues that the evidence of record clearly demonstrates Plaintiff would meet or medically equal Listing 1.04, the Court notes that there is a lack of evidence of "sensory or reflex loss" or the "inability to ambulate effectively," as required by Listing 1.04A and C, respectively. The ALJ's finding that there is a lack of evidence regarding motor or sensory deficits is supported by the silence as to sensory or motor loss in the clinical

exam records from December of 2004, May of 2005, and July of 2005. (Tr. 32, 161-64, 187-92, 201-02). Similarly, there is substantial evidence that Plaintiff's condition did not result in the "inability to ambulate effectively," as required by Listing 1.04C. (Tr. 163, 173, 201, 230, 239, 248). In light of such evidence or lack thereof, there is substantial evidence supporting the ALJ's finding that Plaintiff's condition did not satisfy the requirements of Listing 1.04.

Plaintiff also argues that the ALJ should have obtained an updated expert medical opinion as to medical equivalency, pursuant to Social Security Ruling 96-6p. SSR 96-6P, 1996 WL 374180, at *3-4. Social Security Ruling 96-6p states that an ALJ "must obtain an updated medical opinion from a medical expert . . . [w]hen additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." *Id.* at *4. In his objection, Plaintiff contends that there is no medical opinion of record regarding medical equivalency and that the ALJ should have obtained an updated expert medical opinion as to medical equivalency in light of the MRIs indicating nerve root impingement.

As to Plaintiff's argument that there is no medical opinion of record regarding medical equivalency, the Court is guided by the Sixth Circuit's decision in *Hicks v. Comm'r of Soc. Sec.*, 105 F. App'x 757, 762 (6th Cir. 2004). In *Hicks*, the Sixth Circuit recognized that the signature of a State agency medical or psychological consultant on a Disability Determination and Transmittal Form ensures that consideration by a physician designated

by the Commissioner has been given the question of medical equivalence at the initial and reconsideration levels of administrative review. *Id.* In *Hicks*, the Sixth Circuit found that professional input on medical equivalence was in the record before the ALJ based on Disability Determination forms signed by physicians indicating that the plaintiff was not disabled. *Id.* Likewise in the present case, the Disability Determination and Transmittal Form indicating that Plaintiff was not disabled is part of the record and was before the ALJ for his consideration. (Tr. 22-26, 236). Thus, there was medical opinion of record regarding the issue of medical equivalency in this case. The Court also notes that the ALJ is not required to "articulate, at length, the analysis of the medical equivalency issue." *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 6th Cir. 2006). The record reflects that the ALJ reviewed all of plaintiff's impairments and concluded that his impairments did not meet or equal a listed impairment. (Tr. 33-34).

Plaintiff also contends that the ALJ should have obtained an updated medical opinion from a medical expert due to the MRI scans' indications of nerve root impingement. Social Security Ruling 96-6P only requires an updated medical report when "additional medical evidence is received that in the opinion of the administrative law judge or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." SSR 96-6P, 1996 WL 374180, at *4. As discussed above, the nerve root impingement evidence from the MRIs only indicated "possible" or "suggest[ed]" impingement or was silent on the issue of impingement. (Tr. 170, 196, 228). In light of the nature of these

5

findings, the ALJ did not err in determining that such evidence failed to rise to the level that would require him to obtain an updated medical opinion from a medical expert in this case.

Plaintiff next contends that the ALJ erred in failing to properly consider Plaintiff's pain allegations. The Court disagrees. The ALJ's opinion clearly sets forth a review of the plaintiff's impairments, including his complaints of pain. (Tr. 31-34.) The ALJ also noted that plaintiff's subjective complaints were not entirely credible in light of Plaintiff's ability to care for his infant daughter. (Tr. 34). The ALJ properly considered this evidence in evaluating plaintiff's complaints of disabling pain. *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993). Thus, the Court concludes that this objection is without merit.

Finding no error in the report and recommendation, the Court will overrule Plaintiff's objections; accept the report and recommendation in whole; deny Plaintiff's motion for summary judgment; grant Defendant's motion for summary judgment; affirm the Defendant Commissioner's decision in this case denying Plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case.

An order reflecting this opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE